**UNITED STATES of America,**
**Appellee,**

v.

**Michael SINGLETARY, Defendant–**
**Appellant.**

No. 05–5332–cr.

United States Court of Appeals,
Second Circuit.

June 20, 2006.

Laurie S. Hershey, Manhasset, NY, for Appellant.

Allen L. Bode, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Emily Berger, Assistant United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: THOMAS J. MESKILL, JOSÉ A. CABRANES and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant Michael Singletary appeals the sentence imposed on him after being convicted, pursuant to a plea of guilty, of conspiring to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841. Judge Feuerstein calculated the applicable Guidelines range to be 235 to 293 months of imprisonment but sentenced Singletary principally to 120 months of imprisonment pursuant to a downward departure on account of the substantial assistance that Singletary provided the Government. *See* U.S.S.G. § 5K1.1. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

Singletary contends that the District Court committed procedural error by failing to consider all of the factors of 18 U.S.C. § 3553(a) when imposing sentence, as "there is nothing in the record to reflect that the court considered each of the sentencing factors." Def.Appellant's Br. at 10. Judge Feuerstein's comments at sentencing demonstrate that she considered arguments relevant to the § 3553(a) factors, and we impose no requirement of specific articulation. *See United States v. Fernandez,* 443 F.3d 19, 29 (2d Cir.2006). Singletary points to nothing in the record that overcomes our "strong presumption that a sentencing judge has taken properly presented arguments into account and considered all the § 3553(a) factors in the course of imposing a sentence." *Id.* at 34–35.

Singletary also argues that the sentence he received was unreasonably harsh because it was "antithetical to the statutory sentencing goals of 18 U.S.C. § 3553(a)." Def.-Appellant's Br. at 12. Specifically, he contends that the District Court did not give sufficient weight to his cooperation, and that the District Court did not decrease his sentence adequately to satisfy 18 U.S.C. § 3553(a)(6) (requiring district courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct") because of the disparity in Guidelines penalties between defendants who have been convicted of offenses involving a particular weight of cocaine, on the one hand, and defendants who have been convicted of offenses involving the same weight of crack cocaine, on the other.

Considering all the circumstances presented, we conclude that the prison term Singletary received—which was, pursuant to a Guidelines departure under U.S.S.G. 5K1.1, just over half of the otherwise applicable Guidelines range—was reasonable. In light of that conclusion, we are foreclosed from reviewing the specific weight that the District Court ascribed to any particular § 3553(a) factor or any argument made pursuant to one or more of those factors. *See Fernandez,* 443 F.3d at 35 (noting that "the weight to be afforded any given argument made pursuant to one of the

§ 3553(a) factors is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented").

We have considered all of Singletary's arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.